

# THE NDLC LAW FIRM PLLC

### NELSON DE LA CRUZ, ESQ.
### ATTORNEY AT LAW

2825 Third Ave., Suite 301                                    Tel. No.: 646. 973.0812
Bronx, NY 10455                                               Fax No.: 347.462.3108
                                             Email: nelson@ndlclawpllc.com

January 30, 2019

United States District Court - Southern District of New York
Thurgood Marshall United Sates Courthouse
Attention: Hon. Kevin Nathaniel Fox,  Magistrate Judge
40 Pearl Street, Court Room 228
New York, New York 10007

In Re: MAJOR ELEVATOR CORP. v.  EZQUIRE ELEVATOR, LLC, JOEL SMITH and
ANTHONY GRAVES – CASE NO.: 1:17-cv- 03427 KNF

Dear Magistrate Fox:

The above referenced action was dismissed on consent of the parties without prejudice pursuant to a "Stipulation of Voluntary Dismissal" filed by the parties on March 9, 2018. *See Exhibit A, "Stipulation of Voluntary Dismissal".*

Prior to its dismissal, the above referenced matter was commenced in New York State Supreme Court, County of New York, under the caption *Major Elevator Corp., v. Ezquire Elevator  LLC et al., Index # 650745/2017* on February 10, 2017.   On May 8, 2017, that action was removed to the United States District Court  for the Southern District of New York by the Defendants' preceding counsel Lehman LG LLC. *See Exhibit B, "Notice of Removal".*

The case docket reveals that following removal to this Court, meaningful activity took place on the referenced case, including but not limited to the matter being referred to a magistrate judge, the Defendants' filing of their Answer, and the parties consenting to the jurisdiction of a magistrate judge. Additionally, a conference was scheduled and held wherein a discovery schedule was outlined before the action was voluntarily dismissed. *See Exhibit C, Full Case Docket.*

It was the expectation of the Defendants that although the voluntary dismissal was without prejudice that this action would not be refiled at all and if it was in fact refiled, that the parties would stipulate to vacate the voluntarily dismissal and consent to the matter being restored to this Court's calendar. Much to the Defendants' surprise, the Plaintiff refiled the same action as before, once again in the Supreme Court of New York, County of New York, but this time bearing the caption *Major Elevator Corp., v. Ezquire Elevator  LLC et al., Index # 654049/2018. See Exhibit D, August 14, 2018 Summons and Complaint".* Pursuant to affidavits

1




# THE NDLC LAW FIRM PLLC

### NELSON DE LA CRUZ, ESQ.
### ATTORNEY AT LAW

2825 Third Ave., Suite 301
Bronx, NY 10455

Tel. No.: 646. 973.0812
Fax No.: 347.462.3108
Email: nelson@ndlclawpllc.com

of service shared with me by counsel for the Plaintiff, dated December 31, 2018, the Plaintiff's purport to have effected service of this new action via the nail and mail method of service at the Defendants' designated addresses in the State of Georgia. *See Exhibit E, December 31, 2018 Affidavits of Service.*

It is the Defendants' position that if the issues in controversy between these parties are to be litigated at all, that they must be litigated before this Court. I have made several unsuccessful attempts, orally and in writing to ask Plaintiff's counsel to outright dismiss Plaintiff's claims, to stipulate to the dismissal of the action pending in the Supreme Court of the State of New York, County of New York, and to vacate the voluntary dismissal in 1:17-cv- 03427 KNF and restore the same to the calendar. *See Exhibit F, Emails Between Plaintiff's and Defendants' Counsel from June 14, 2018 to Present.*

I thus herein submit the attached Notice of Appearance, *Exhibit G,* and respectfully request that the Court accept this letter, pursuant Local Rule 7.1 (d), in lieu of a more formal motion and issue an Order vacating the voluntary dismissal entered by the parties on March 9, 2018, in connection with 1:17-cv- 03427 KNF, restore said matter to this Court's calendar, order the dismissal of *Major Elevator Corp., v. Ezquire Elevator  LLC et al., Index # 654049/2018* now pending in the Supreme Court of the State of New York, County of New York, and direct counsel for the Plaintiff to pay Defendants' reasonable legal fees associated with their failure to consent to the litigation of this matter before this Court in light of the prior procedural history of the case.

Sincerely,

Nelson De La Cruz, Esq.

Cc: Mr. Anthony Graves
    Mr. Joel Smith
    Mr. Joseph Maira, Esq.
    Ms. Stephanie Emanuel, Esq.
    Mr. T. Austin Brown, Esq.

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| MAJOR ELEVATOR CORP, | : | |
| Plaintiff, | : | 17 Civ. 3427 |
| --against-- | : | |
| EZQUIRE ELEVATOR, LLC, JOEL SMITH, and ANTHONY GRAVES, | : | |
| Defendants. | : | |

## NOTICE OF STIPULATED DISMISSAL WITHOUT PREJUDICE

Pursuant to F.R.C.P. 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, all parties who have appeared hereby stipulate and give notice that the above-captioned action is voluntarily dismissed without prejudice.

Dated:  March 3, 2018
New York, New York

T. Austin Brown
The Austin Brown Law Firm
349 5th Avenue #720
New York, NY, 10016
(917) 716-6537
austin@austinbrownlaw.com

Attorney for Plaintiff
Major Elevator Corp.

Julie R. Solarz
Lehman LG LLC
244 5th Ave., Suite B258
New York, NY 10001
(724) 453-4626
Julie.Solarz@lehmanlawgroup.com

Attorney for Defendants
Ezquire Elevator, LLC, Joel Smith,
and Anthony Graves

1

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ———————————————— | : | 17 Civ. 3427 |
| MAJOR ELEVATOR CORP, | : | |
| | : | **NOTICE OF REMOVAL** |
| Plaintiff, | : | |
| | : | |
| --against-- | : | |
| | : | |
| EZQUIRE ELEVATOR, LLC, JOEL SMITH, | : | |
| and ANTHONY GRAVES, | : | |
| Defendants. | : | |
| ———————————————— | : | |

**PLEASE TAKE NOTICE** that defendants Ezquire Elevator, LLC, Joel Smith, and Anthony Graves, by and through its attorneys, hereby remove this action, pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York.

In support of this Notice of Removal, Defendants state the following:

1.　　On February 10, 2017, plaintiff commenced an action in the Supreme Court of the State of New York, New York County, captioned *Major Elevator Corp. v. Ezquire Elevator, LLC et al.* (Index No. 650745/2017).  Plaintiff subsequently filed an affidavit of service in court that states the complaint was served by first class mail on April 14, 2017.

2.　　A true and correct copy of the Summons, Complaint, which constitutes all pleadings in this action, and the Affidavit of Service is attached as Exhibit 1.

3.　　On May 6, 2017, Julie R. Solarz, Esq. filed a Notice of Appearance and a demand that the complaint and all notice and other papers in this action be served at Lehman LG LLC, 244 Fifth Avenue, Suite B258, New York, NY 10001.

1

4.      Defendants believe that plaintiff's claims are without merit.

5.       Defendants have not made any filings in the state court action.

6.      This Notice of Removal is being filed in the United States District Court for the Southern District of New York, the district in which the case is pending.

7.      This Notice of Removal is being filed within thirty days of defendants' alleged receipt of service of the Summons and Complaint, as required by 28 U.S.C. § 1446(b).

8.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1), because this is an action between citizens of different States, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

9.      Plaintiff, Major Elevator Corp., is a domestic corporation, formed according to the Business Corporation Law of the State of New York, domiciled at 79 Chambers Street, New York, NY 10007.

10.      Defendant Ezquire Elevator, LLC, is The Defendant, EZQUIRE ELEVATOR, LLC, is a foreign Limited Liability Company, formed according to the Limited Liability Company Act of the State of Georgia, with its principal place of business located in Loganville, Georgia.

11.      Joel Smith ("Smith") and Anthony Graves ("Graves") are individuals.  When the Summons was filed, Smith and Graves were, and still are, residents of the State of Georgia.

12.      Because Plaintiff is a New York citizen and defendants are citizens of the State of Georgia, the parties are completely diverse pursuant to 28 U.S.C. § 1332(a).

**AMOUNT IN CONTROVERSY**

13.     Diversity jurisdiction under 28 U.S.C. § 1332 also requires that the amount in controversy, exclusive of interest and costs, be in excess of $75,000.

14.     Plaintiff has demanded judgment in the amount of demands judgment in the amount of $360,000.00 plus the costs and disbursements of this action as a remedy for its alleged breach of contract and fraud claims.

**CONCLUSION**

15.     Complete diversity exists between plaintiff, a citizen of New York, and defendants, citizens of Georgia, and the amount in controversy exceeds $75,000.  Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a).

16.     Defendants will provide plaintiff with prompt written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d) and will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, New York County, where the Complaint was originally filed.

**WHEREFORE**, Defendants requests that this action be removed from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York.

Dated: May 8, 2017
       New York, New York

Respectfully submitted,

/s/ *Julie R. Solarz*

Julie R. Solarz
Lehman LG LLC
244 5th Ave., Suite B258
New York, New York 10001
(724) 453-4626
Julie.Solarz@lehmanlawgroup.com

*Attorney for Defendants*
*Ezquire Elevator, LLC, Joel Smith,*
*and Anthony Graves*

TO:

T. Austin Brown, Esq.
349 5th Avenue
New York, NY 10016
(917) 716-6537
austin@austinbrownlaw.com

*Attorney for Plaintiff*

# Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF   NEW YORK

------------------------------------

Major Elevator, Corp.

                        Plaintiff(s),


            -against-

Ezquire Elevator, LLC, Joel Smith, and Anthony Graves



                        Defendant(s).

------------------------------------

Index No.


**Summons**


Date Index No. Purchased:


To the above named Defendant(s)

Ezquire Elevator, LLC, Joel Smith, and Anthony Graves
2935 Rosebud Road, Suite 1204
Loganville, GA 30052

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is   Contractual Stipulation                    ,
which is   "...does hereby agree that the exclusive venue for any disputes between the parties shall be in the Borough of Manhattan..."

Dated:   February 9, 2017


The Austin Brown Law Firm

by_____
    T. Austin Brown, Esq.

**Attorneys for Plaintiff**
The Austin Brown Law Firm
349 5th Avenue, Ste 720
New York, NY 10016
917-716-6537
austin@austinbrownlaw.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------------

MAJOR ELEVATOR CORP,

Plaintiff,

—against—

EZQUIRE ELEVATOR, LLC, JOEL SMITH,
and ANTHONY GRAVES,

Defendants.

--------------------------------------------

Index No.

COMPLAINT

PLAINTIFF, by their attorneys, The Austin Brown Law Firm, allege as follows:

1. The Plaintiff, MAJOR ELEVATOR CORP, is a domestic corporation, formed according to the Business Corporation Law of the State of New York, domiciled at 79 Chambers Street, New York, NY 10007.

2. The Defendant, EZQUIRE ELEVATOR, LLC, is a foreign Limited Liability Company, formed according to the Limited Liability Company Act of the State of Georgia, and domiciled at 2935 Rosebud Road, Suite 1204 Loganville, GA 30052. Upon information and belief, the defendant is not registered to do business in New York.

3. The Defendants, Joel Smith and Anthony Graves, are the owners of Defendant Ezquire Elevator, LLC, whose primary place of business is 2935 Rosebud Road, Suite 1204, Loganville, GA 30052.

AS AND FOR A FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

4. On or about March 2016, Plaintiff and Defendants entered two contracts for the Defendants to provide the labor to install elevators in two buildings in Manhattan, 552 West 29th Street, and 1711 1st Avenue, for a total of $310,000.00 to be paid out on a weekly basis. Plaintiff provided the materials used by the Defendants.

5. In all, Plaintiffs paid Defendants $316,237.63, by checks, which were all cashed by the Defendants.

6. Despite being paid, Defendants did not install operational elevators, and, in fact, had long abandoned the project, leaving most essential parts uninstalled, while still cashing the checks sent by Plaintiff.

AS AND FOR A SECOND CAUSE OF ACTION FOR FRAUD

7. In addition to the Defendants' failure to perform the installation of the elevators, the Defendants misrepresented their workers' compensation insurance coverage, providing a certificate showing a policy covering from 11/1/2015 to 11/1/2016. In fact, Defendants were not covered for the period from March to October of 2016.

8. Relying on the Defendants' misrepresentation, the Plaintiff agreed to hire the Defendants to perform the work.

9. As a result of the Defendants' misrepresentations, Plaintiff is liable for a $50,000.00 premium increase in Plaintiff's worker's compensation coverage due to hiring uninsured subcontractors.

WHEREFORE, Plaintiff respectfully demands judgment in the amount of $360,000.00 plus the costs and disbursements of this action.

Dated: New York, New York

February 9, 2017

T. Austin Brown, Esq.
*Attorney for the Plaintiff*
349 5th Avenue
New York, NY 10016
917-716-6537

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

Attorney: JOSEPH B MAIRA - 356

MAJOR ELEVATOR CORP.

Index # 650745/2017

Plaintiff(s)

- against -

Date Filed:

EZQUIRE ELEVATOR, LLC ETAL

Defendant(s)

George          Rockdale

**AFFIDAVIT OF SERVICE**

STATE OF          : COUNTY OF          ss:

EUGENE Ricciano BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES AT 1636 Village PLCST, ON 4-13-2017 AT 7 AM/PM 2955 Rosebud Suite 1204 Loganville Georgia 30052

DEPONENT SERVED THE WITHIN SUMMONS & COMPLAINT & WAIVER OF SERVICE & NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING

ON: ANTHONY GRAVES ,THE DEFENDANT/RESPONDENT THEREIN NAMED.

| | |
|---|---|
| **1 INDIVIDUAL** | By delivering a true copy of each to said defendant/respondent personally; deponent knew the person so served to be the person described as the defendant/respondent therein. |
| **2 CORPORATION** | A _____ corporation, delivering thereat a true copy of each to _____ personally, deponent knew said corporation so serviced to be the corporation, described in same as said defendant/respondent and knew said individual to be _____ thereof. |
| **3 SUITABLE AGE PERSON** | By delivering a true copy of each to _____ a person of suitable age and discretion. Said premises is the defendant's/respondent's [ ] actual place of business [ ] dwelling house / usual place of abode within the state. |
| **4 AFFIXING TO DOOR** ✕ | By affixing a true copy of each to the door of said premises, which is the defendant's/respondent's [ ] actual place of business [X] dwelling house /usual place of abode within the state. |
| **5 MAILING COPY** ✕ | On 4-14-2017 _____, deponent completed service under the last two sections by depositing a copy of the SUMMONS & COMPLAINT & WAIVER OF SERVICE & NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING to the above address in a First Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of GA _____. |

Deponent was unable, with due diligence to find the defendant/respondent or a person of suitable age and discretion, having called thereat

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| on the | 24th | day of | March | 2017 | at | 3pm | |
| on the | 25th | day of | " | " | at | 9AM | |
| on the | 4th | day of | April | " | at | 8pm | |
| on the | 13th | day of | April | " | at | 7PM | |

| | |
|---|---|
| **6 NON-SERVICE** | After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the defendant/respondent being served because of the following: [ ] party unknown at address [ ] Evading [ ] Moved left no forwarding [ ] Address does not exist [ ] No one ever in or available to accept service |
| **7 DESCRIPTION** | A description of the defendant/respondent , or other person served, or spoken to on behalf of the defendant/respondent is as follows: |

| **Description is required if #1,#2 or #3 above is checked** | Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx.) |
|---|---|---|---|---|---|---|
| | | | | | | |

Other: _____

| | |
|---|---|
| **8 WIT. FEES** | $ _____ the authorizing traveling expenses and one day's witness fee was paid (tendered) to the witness/recipient. |
| **9 MILITARY SERVICE** | Deponent asked person spoken to whether the defendant/respondent was in the military service of the United States Government or on active duty in the military service in the State of _____ and was informed the defendant/respondent was not. |

Sworn to before me on this 14th day of _____

Notary Public _____

OFFICIAL SEAL
TAMARA GRANZA YOUNG
Notary Public, Georgia
ROCKDALE COUNTY
My Commission Expires
MARCH 10, 2018

Server signature: _____

Docket #: *1020707*

1 of 1

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS                                              DEFENDANTS

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER          ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No [ ] Yes [ ]    Judge Previously Assigned

If yes, was this case  Vol. [ ]  Invol. [ ]  Dismissed.  No [ ]  Yes [ ]  If yes, give date _____ & Case No. _____

IS THIS AN INTERNATIONAL ARBITRATION CASE?     **No** [ ]     **Yes** [ ]

*(PLACE AN [x] IN ONE BOX ONLY)*                    NATURE OF SUIT

|  |  |  |  |  |  |
|---|---|---|---|---|---|
| **TORTS** | | | | **ACTIONS UNDER STATUTES** | |

**CONTRACT**

| | |
|---|---|
| [ ] 110 | INSURANCE |
| [ ] 120 | MARINE |
| [ ] 130 | MILLER ACT |
| [ ] 140 | NEGOTIABLE INSTRUMENT |
| [ ] 150 | RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT |
| [ ] 151 | MEDICARE ACT |
| [ ] 152 | RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) |
| [ ] 153 | RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS |
| [ ] 160 | STOCKHOLDERS SUITS |
| [ ] 190 | OTHER CONTRACT |
| [ ] 195 | CONTRACT PRODUCT LIABILITY |
| [ ] 196 | FRANCHISE |

**PERSONAL INJURY**

| | |
|---|---|
| [ ] 310 | AIRPLANE |
| [ ] 315 | AIRPLANE PRODUCT LIABILITY |
| [ ] 320 | ASSAULT, LIBEL & SLANDER |
| [ ] 330 | FEDERAL EMPLOYERS' LIABILITY |
| [ ] 340 | MARINE |
| [ ] 345 | MARINE PRODUCT LIABILITY |
| [ ] 350 | MOTOR VEHICLE |
| [ ] 355 | MOTOR VEHICLE PRODUCT LIABILITY |
| [ ] 360 | OTHER PERSONAL INJURY |
| [ ] 362 | PERSONAL INJURY - MED MALPRACTICE |

**PERSONAL INJURY**

| | |
|---|---|
| [ ] 367 | HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY |
| [ ] 365 | PERSONAL INJURY PRODUCT LIABILITY |
| [ ] 368 | ASBESTOS PERSONAL INJURY PRODUCT LIABILITY |

**PERSONAL PROPERTY**

| | |
|---|---|
| [ ] 370 | OTHER FRAUD |
| [ ] 371 | TRUTH IN LENDING |
| [ ] 380 | OTHER PERSONAL PROPERTY DAMAGE |
| [ ] 385 | PROPERTY DAMAGE PRODUCT LIABILITY |

**PRISONER PETITIONS**

| | |
|---|---|
| [ ] 463 | ALIEN DETAINEE |
| [ ] 510 | MOTIONS TO VACATE SENTENCE 28 USC 2255 |
| [ ] 530 | HABEAS CORPUS |
| [ ] 535 | DEATH PENALTY |
| [ ] 540 | MANDAMUS & OTHER |

**REAL PROPERTY**

| | |
|---|---|
| [ ] 210 | LAND CONDEMNATION |
| [ ] 220 | FORECLOSURE |
| [ ] 230 | RENT LEASE & EJECTMENT |
| [ ] 240 | TORTS TO LAND |
| [ ] 245 | TORT PRODUCT LIABILITY |
| [ ] 290 | ALL OTHER REAL PROPERTY |

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**

| | |
|---|---|
| [ ] 440 | OTHER CIVIL RIGHTS (Non-Prisoner) |
| [ ] 441 | VOTING |
| [ ] 442 | EMPLOYMENT |
| [ ] 443 | HOUSING/ ACCOMMODATIONS |
| [ ] 445 | AMERICANS WITH DISABILITIES - EMPLOYMENT |
| [ ] 446 | AMERICANS WITH DISABILITIES -OTHER |
| [ ] 448 | EDUCATION |

**PRISONER CIVIL RIGHTS**

| | |
|---|---|
| [ ] 550 | CIVIL RIGHTS |
| [ ] 555 | PRISON CONDITION |
| [ ] 560 | CIVIL DETAINEE CONDITIONS OF CONFINEMENT |

**FORFEITURE/PENALTY**

| | |
|---|---|
| [ ] 625 | DRUG RELATED SEIZURE OF PROPERTY 21 USC 881 |
| [ ] 690 | OTHER |

**LABOR**

| | |
|---|---|
| [ ] 710 | FAIR LABOR STANDARDS ACT |
| [ ] 720 | LABOR/MGMT RELATIONS |
| [ ] 740 | RAILWAY LABOR ACT |
| [ ] 751 | FAMILY MEDICAL LEAVE ACT (FMLA) |
| [ ] 790 | OTHER LABOR LITIGATION |
| [ ] 791 | EMPL RET INC SECURITY ACT (ERISA) |

**IMMIGRATION**

| | |
|---|---|
| [ ] 462 | NATURALIZATION APPLICATION |
| [ ] 465 | OTHER IMMIGRATION ACTIONS |

**BANKRUPTCY**

| | |
|---|---|
| [ ] 422 | APPEAL 28 USC 158 |
| [ ] 423 | WITHDRAWAL 28 USC 157 |

**PROPERTY RIGHTS**

| | |
|---|---|
| [ ] 820 | COPYRIGHTS |
| [ ] 830 | PATENT |
| [ ] 840 | TRADEMARK |

**SOCIAL SECURITY**

| | |
|---|---|
| [ ] 861 | HIA (1395ff) |
| [ ] 862 | BLACK LUNG (923) |
| [ ] 863 | DIWC/DIWW (405(g)) |
| [ ] 864 | SSID TITLE XVI |
| [ ] 865 | RSI (405(g)) |

**FEDERAL TAX SUITS**

| | |
|---|---|
| [ ] 870 | TAXES (U.S. Plaintiff or Defendant) |
| [ ] 871 | IRS-THIRD PARTY 26 USC 7609 |

**OTHER STATUTES**

| | |
|---|---|
| [ ] 375 | FALSE CLAIMS |
| [ ] 376 | QUI TAM |
| [ ] 400 | STATE REAPPORTIONMENT |
| [ ] 410 | ANTITRUST |
| [ ] 430 | BANKS & BANKING |
| [ ] 450 | COMMERCE |
| [ ] 460 | DEPORTATION |
| [ ] 470 | RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO) |
| [ ] 480 | CONSUMER CREDIT |
| [ ] 490 | CABLE/SATELLITE TV |
| [ ] 850 | SECURITIES/ COMMODITIES/ EXCHANGE |
| [ ] 890 | OTHER STATUTORY ACTIONS |
| [ ] 891 | AGRICULTURAL ACTS |
| [ ] 893 | ENVIRONMENTAL MATTERS |
| [ ] 895 | FREEDOM OF INFORMATION ACT |
| [ ] 896 | ARBITRATION |
| [ ] 899 | ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION |
| [ ] 950 | CONSTITUTIONALITY OF STATE STATUTES |

*Check if demanded in complaint:*

[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $_____  OTHER _____

*Check YES only if demanded in complaint*
JURY DEMAND: [ ] YES [ ] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y. AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

JUDGE _____  DOCKET NUMBER _____

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

*(PLACE AN  x  IN ONE BOX ONLY)*  **ORIGIN**

☐ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from (Specify District)  ☐ 6 Multidistrict Litigation (Transferred)  ☐ 7 Appeal to District Judge from Magistrate Judge

☐ **a. all parties represented**

☐ **b. At least one party is pro se.**

☐ 8 Multidistrict Litigation (Direct File)

*(PLACE AN  x  IN ONE BOX ONLY)*  **BASIS OF JURISDICTION**  ***IF DIVERSITY, INDICATE CITIZENSHIP BELOW.***

☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ☐ 3 FEDERAL QUESTION  (U.S. NOT A PARTY)  ☐ 4 DIVERSITY

## CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

## COURTHOUSE ASSIGNMENT

I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21. DO NOT check either box if this is a PRISONER PETITION/PRISONER CIVIL RIGHTS COMPLAINT.

Check one:  THIS ACTION SHOULD BE ASSIGNED TO:  ☐ WHITE PLAINS  ☐ MANHATTAN

DATE            SIGNATURE OF ATTORNEY OF RECORD            ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[ ] YES (DATE ADMITTED Mo. _____ Yr. _____)
RECEIPT #            Attorney Bar Code #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

EXHIBIT C

Query    Reports    Utilities    Help    Log Out

CLOSED,ECF,MAGCONSENT

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:17-cv-03427-KNF

Major Elevator Corp v. ezquire elevator, LLC et al          Date Filed: 05/08/2017
Assigned to: Magistrate Judge Kevin Nathaniel Fox          Date Terminated: 03/09/2018
Demand: $360,000                                           Jury Demand: Defendant
Case in other court: Supreme Court of the State of New     Nature of Suit: 190 Contract: Other
             York, NY County, 650745-17          Jurisdiction: Diversity
Cause: 28:1332bc Diversity-Breach of Contract

### Plaintiff

**Major Elevator Corp**                    represented by **Thomas Austin Brown**
                                                          The Austin Brown Law Firm
                                                          349 5th Avenue
                                                          New York, NY 10016
                                                          (917)-716-6537
                                                          Email: austin@austinbrownlaw.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

V.

### Defendant

**Ezquire Elevator, LLC**                  represented by **Julie Rosenblum Solarz**
                                                          Julie Rosenblum Solarz
                                                          51 Rock Ridge Drive
                                                          Rye Brook, NY 10573
                                                          (914)-462-1911
                                                          Email:
                                                          julie.solarz@lehmanlawgroup.com
                                                          *ATTORNEY TO BE NOTICED*

### Defendant

**Joel Smith**                             represented by **Julie Rosenblum Solarz**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

### Defendant

**Anthony Graves**                         represented by **Julie Rosenblum Solarz**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

Query   Reports   Utilities   Help   Log Out

| Date Filed | # | Docket Text |
|---|---|---|
| 05/08/2017 | 1 | NOTICE OF REMOVAL from Supreme Court, County of New York. Case Number: 650745/2017. (Filing Fee $ 400.00, Receipt Number 0208-13638178).Document filed by Anthony Graves, joel smith, ezquire elevator, LLC. (Attachments: # 1 Exhibit, # 2 Civil Cover Sheet)(Solarz, Julie) (Entered: 05/08/2017) |
| 05/08/2017 | 2 | CIVIL COVER SHEET filed. (Solarz, Julie) (Entered: 05/08/2017) |
| 05/08/2017 | 3 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by ezquire elevator, LLC.(Solarz, Julie) (Entered: 05/08/2017) |
| 05/09/2017 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Andrew L. Carter, Jr. Please download and review the Individual Practices of the assigned District Judge, located at http://nysd.uscourts.gov/judges/District. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at http://nysd.uscourts.gov/ecf_filing.php. (kl) (Entered: 05/09/2017) |
| 05/09/2017 | | Magistrate Judge Kevin Nathaniel Fox is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: http://nysd.uscourts.gov/forms.php. (kl) (Entered: 05/09/2017) |
| 05/09/2017 | | Case Designated ECF. (kl) (Entered: 05/09/2017) |
| 06/26/2017 | 4 | **FILING ERROR - WRONG PDF FILE ASSOCIATED WITH DOCKET ENTRY -** REQUEST TO ENTER DEFAULT against Ezquire Elevator, LLC, Anthony Graves, Joel Smith . Document filed by Major Elevator Corp. (Attachments: # 1 Affidavit Affirmation in support, # 2 Text of Proposed Order Clerk's Certificate, # 3 Exhibit Contract 1, # 4 Exhibit Contract 2, # 5 Exhibit Invalid insurance certificate, # 6 Exhibit Worker's comp audit, # 7 Exhibit Cancelled Checks 1, # 8 Exhibit Cancelled Checks 2, # 9 Exhibit Cancelled Checks 3, # 10 Exhibit Photos of incomplete work)(Brown, Thomas) Modified on 6/30/2017 (dt). (Entered: 06/26/2017) |
| 06/29/2017 | 5 | NOTICE OF APPEARANCE by Thomas Austin Brown on behalf of Major Elevator Corp. (Brown, Thomas) (Entered: 06/29/2017) |
| 06/29/2017 | 6 | FIRST RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Major Elevator Corp.(Brown, Thomas) (Entered: 06/29/2017) |
| 06/30/2017 | | **\*\*\*NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - PDF ERROR. Notice to Attorney Thomas Brown to RE-FILE Document 4 Request to Enter Default. You must File a Request to enter default, along with the Clerk's Certificate of Default as an attachment, using the Clerk's Certificate of Default that is on our website, not you own, then file the** |

| | | |
|---|---|---|
| | | **affidavit in support of the default under other answers, affidavit in support of a non-motion. That is the only documents that is required for the Clerk's Certificate of Default. If you have any question feel free to call Orders & Judgments at (212) 805-0143. (dt)** (Entered: 06/30/2017) |
| 07/24/2017 | 7 | ANSWER to Complaint with JURY DEMAND. Document filed by Ezquire Elevator, LLC, Anthony Graves, Joel Smith.(Solarz, Julie) (Entered: 07/24/2017) |
| 08/02/2017 | 8 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for General Pretrial (includes scheduling, discovery, non-dispositive pretrial motions, and settlement). Referred to Magistrate Judge Kevin Nathaniel Fox. (Signed by Judge Andrew L. Carter, Jr on 8/2/2017) (mro) (Entered: 08/02/2017) |
| 09/01/2017 | 9 | ORDER: Initial Conference set for 10/10/2017 at 02:00 PM in Courtroom 228, 40 Centre Street, New York, NY 10007 before Magistrate Judge Kevin Nathaniel Fox. At least five (5) days before the conference, the parties must meet or confer by telephone to discuss the matters specified in Fed. R. Civ. P. 26(f) and must complete the attached questionnaire. (Signed by Magistrate Judge Kevin Nathaniel Fox on 9/1/2017) (mml) (Entered: 09/01/2017) |
| 10/06/2017 | 10 | INITIAL REPORT OF PARTIES BEFORE PRETRIAL CONFERENCE. Document filed by Ezquire Elevator, LLC, Anthony Graves, Joel Smith.(Solarz, Julie) (Entered: 10/06/2017) |
| 10/10/2017 | 11 | ENDORSED LETTER addressed to Magistrate Judge Kevin Nathaniel Fox from Julie Solarz dated 10/10/2017 re: The parties respectfully request that the conference specified in this letter be adjourned until after November 1, 2017. ENDORSEMENT: Application granted. The conference will be held on November 7, 2017, at 2:00 p.m. So ordered. (Initial Conference set for 11/7/2017 at 02:00 PM before Magistrate Judge Kevin Nathaniel Fox.) (Signed by Magistrate Judge Kevin Nathaniel Fox on 10/10/2017) (rjm) (Entered: 10/10/2017) |
| 11/07/2017 | 12 | ORDER: A conference was held with counsel to the respective parties on November 7, 2017. As a result of the discussion had during the conference, IT IS HEREBY ORDERED that: 1. all discovery, of whatever nature, be initiated so as to be completed on or before February 28, 2018; 2. a telephonic status conference will be held with the parties on January 18, 2018, at 10:00 a.m. Counsel to the plaintiff shall initiate the telephonic conference on that date; 3. any dispositive motion practice must ensue in accordance with the applicable provision of the Individual Rules of Practice of the assigned district judge; and 4. if no dispositive motion is made, the parties shall submit their pretrial order to the court on or before March 30, 2018. That document must conform to the requirements for such an order that are found in the Individual Rules of Practice of the assigned district judge. ( Discovery due by 2/28/2018., Pretrial Order due by 3/30/2018., Telephone Conference set for 1/18/2018 at 10:00 AM before Magistrate Judge Kevin Nathaniel Fox.) (Signed by Magistrate Judge Kevin Nathaniel Fox on 11/7/2017) (mro) (Entered: 11/08/2017) |
| 11/08/2017 | | |

|  |  | Minute Entry for proceedings held before Magistrate Judge Kevin Nathaniel Fox: An Initial Pretrial Conference was held on 11/8/2017. (Midwood, Laura) (Entered: 11/08/2017) |
|---|---|---|
| 11/13/2017 | 13 | CONSENT TO JURISDICTION BY A US MAGISTRATE JUDGE by Ezquire Elevator, LLC, Anthony Graves, Major Elevator Corp, Joel Smith. (Case No Longer Referred to Magistrate Judge) CASE ASSIGNED to Magistrate Judge Kevin Nathaniel Fox. (Signed by Judge Andrew L. Carter, Jr on 11/13/2017) (anc) (Entered: 11/13/2017) |
| 01/18/2018 | 14 | ORDER: By order dated November 7, 2017, the Court scheduled a telephonic status conference in the above-referenced action in which counsel to the parties failed to participate. Consequently, counsel are directed to appear at a status conference on January 25, 2018, at 11:00 a.m., in courtroom 228, 40 Centre Street, New York, New York. Counsel are reminded that failure to comply with a court order may result in sanctions, including dismissal of the case. ( Status Conference set for 1/25/2018 at 11:00 AM in Courtroom 228, 40 Centre Street, New York, NY 10007 before Magistrate Judge Kevin Nathaniel Fox.) (Signed by Magistrate Judge Kevin Nathaniel Fox on 1/18/2018) (js) (Entered: 01/19/2018) |
| 01/19/2018 | 15 | LETTER MOTION to Adjourn Conference addressed to Magistrate Judge Kevin Nathaniel Fox from Julie Solarz dated January 19, 2018. Document filed by Ezquire Elevator, LLC, Anthony Graves, Joel Smith.(Solarz, Julie) (Entered: 01/19/2018) |
| 01/19/2018 | 16 | ORDER granting 15 Letter Motion to Adjourn Conference. The Court is not available to hold a conference on the dates proposed by the defendants. Therefore, the status conference will be held on February 8, 2018, at 02:00 p.m. in Courtroom 228, 40 Centre Street, New York, NY 10007. (HEREBY ORDERED by Magistrate Judge Kevin Nathaniel Fox)(Text Only Order) (Fox, Kevin Nathaniel) (Entered: 01/19/2018) |
| 02/08/2018 |  | Minute Entry for proceedings held before Magistrate Judge Kevin Nathaniel Fox: A Status Conference was held on 2/8/2018. (Midwood, Laura) (Entered: 02/15/2018) |
| 03/01/2018 | 17 | **FILING ERROR - DEFICIENT DOCKET ENTRY - SIGNATURE ERROR -** STIPULATION OF VOLUNTARY DISMISSAL It is hereby stipulated and agreed by and between the parties and/or their respective counsel (s) that the above-captioned action is voluntarily dismissed, without prejudice against the defendant(s) All Parties and without costs to either party pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Document filed by Major Elevator Corp.(Brown, Thomas) Modified on 3/2/2018 (km). (Entered: 03/01/2018) |
| 03/02/2018 |  | **\*\*\*NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - PDF ERROR. Notice to Attorney Thomas Brown to RE-FILE Document 17 Stipulation of Voluntary Dismissal with handwritten signatures of the attorneys. (km)** (Entered: 03/02/2018) |
| 03/02/2018 | 18 |  |

| | | |
|---|---|---|
| | | **FILING ERROR - DEFICIENT DOCKET ENTRY - SIGNATURE ERROR -** STIPULATION OF VOLUNTARY DISMISSAL It is hereby stipulated and agreed by and between the parties and/or their respective counsel (s) that the above-captioned action is voluntarily dismissed, without prejudice against the defendant(s) All Plaintiffs and without costs to either party pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Document filed by Major Elevator Corp.(Brown, Thomas) Modified on 3/5/2018 (km). (Entered: 03/02/2018) |
| 03/05/2018 | | **\*\*\*NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - SIGNATURE ERROR. Notice to Attorney Thomas Brown to RE-FILE Document 18 Stipulation of Voluntary Dismissal with handwritten signatures of the attorneys. (km)** (Entered: 03/05/2018) |
| 03/09/2018 | 19 | STIPULATION OF VOLUNTARY DISMISSAL It is hereby stipulated and agreed by and between the parties and/or their respective counsel(s) that the above-captioned action is voluntarily dismissed, without prejudice against the defendant(s) All Parties and without costs to either party pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Document filed by Major Elevator Corp.(Brown, Thomas) (Entered: 03/09/2018) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/30/2019 11:31:21 | | |
| **PACER Login:** ND1629 | **Client Code:** | EZQUIREELEV |
| **Description:** Docket Report | **Search Criteria:** | 1:17-cv-03427-KNF |
| **Billable Pages:** 4 | **Cost:** | 0.40 |

# EXHIBIT D

FILED: NEW YORK COUNTY CLERK 08/14/2018 04:45 PM

NYSCEF DOC. NO. 1

INDEX NO. 654049/2018

RECEIVED NYSCEF: 08/14/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X Index No.: _____

MAJOR ELEVATOR CORP.,

                          Plaintiff,

          -against-

EZQUIRE ELEVATOR, LLC, JOEL SMITH
and ANTHONY GRAVES,

                 Defendants.
-------------------------------------------------------------------X

**SUMMONS**

Plaintiff designate
New York County as the
Place of Trial
The basis of venue is Contract
Forum Provision

To the above named Defendants:

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the Complaint is not served with this summons, to serve a Notice of Appearance on the Plaintiff's attorney(s) within 20 days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Brooklyn, New York
       August 14, 2018

                LAW OFFICES OF STEPHANIE E. EMANUEL

                By: _Stephanie E. Emanuel_

                  Stephanie E. Emanuel, Esq.
                  *Attorney for Plaintiff*
                  MAJOR ELEVATOR CORP.
                  427 Senator Street, #3
                  Brooklyn, New York 11220
                  T: (732) 804-9948
                  F: (347) 497-5922

FILED: NEW YORK COUNTY CLERK 08/14/2018 04:45 PM          INDEX NO. 654049/2018

NYSCEF DOC. NO. 1                                            RECEIVED NYSCEF: 08/14/2018

**Defendants' Addresses for Service**
**EZQUIRE ELEVATOR, LLC**
2935 Rosebud Road, Suite 1204
Loganville, GA 30052

**JOEL SMITH**
**C/O EZQUIRE ELEVATOR, LLC**
2935 Rosebud Road, Suite 1204
Loganville, GA 30052

**ANTHONY GRAVES**
**C/O EZQUIRE ELEVATOR, LLC**
2935 Rosebud Road, Suite 1204
Loganville, GA 30052

NYSCEF DOC. NO. 1                                                         RECEIVED NYSCEF: 08/14/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------------X Index No.: _____
MAJOR ELEVATOR CORP.,

                                    Plaintiff,

                  -against-                              **COMPLAINT**

EZQUIRE ELEVATOR, LLC, JOEL SMITH
and ANTHONY GRAVES,

                                    Defendants.
---------------------------------------------------------------------X

        Plaintiff MAJOR ELEVATOR CORP., by its attorneys, LAW OFFICES OF

STEPHANIE E. EMANUEL, complaining of Defendants EZQUIRE ELEVATOR, LLC,

JOEL SMITH and ANTHONY GRAVES, alleges as follows:

### THE PARTIES

        1. That at all times hereinafter mentioned, Plaintiff MAJOR ELEVATOR CORP.

("MAJOR ELEVATOR"), was and still is a duly organized domestic corporation with

principal offices located at 79 Chambers Street, New York, New York 10007.

        2. That at all times hereinafter mentioned, Defendant EZQUIRE ELEVATOR,

LLC ("EZQUIRE ELEVATOR") was and still is a foreign limited liability company

organized and existing under the laws of the State of Georgia having a place of

business at 2935 Rosebud Road, Suite 1204 Loganville, GA 30052.

        3. Upon information and belief, Defendant EZQUIRE ELEVATOR is not duly

authorized to conduct and/or transact business in the State of New York.

        4. That at all times herein mentioned, Defendant JOEL SMITH ("SMITH") was

and still is a natural person and, upon information and belief, is an officer and a member

of Defendant EZQUIRE ELEVATOR, with a place of business at 2935 Rosebud Road,

Suite 1204 Loganville, GA 30052.

    5. That at all times herein mentioned, Defendant ANTHONY GRAVES ("GRAVES") was and still is a natural person and, upon information and belief, is an officer and a member of Defendant EZQUIRE ELEVATOR, with a place of business at 2935 Rosebud Road, Suite 1204 Loganville, GA 30052.

### JURISDICTION AND VENUE

    6. Jurisdiction of this Court with respect to the claims asserted herein is based upon the Forum Clause in the subject Contracts between Plaintiff MAJOR ELEVATOR and Defendant EZQUIRE ELEVATOR which provide that Defendant EZQUIRE ELEVATOR "...does hereby agree that the exclusive venue for any disputes between the parties shall be in the Borough of Manhattan..."

### FACTS COMMON TO ALL DEFENDANTS

    7. On or about March of 2016, Plaintiff MAJOR ELEVATOR, entered into two contracts with Defendant EZQUIRE ELEVATOR for Defendant EZQUIRE ELEVATOR to provide work and labor to install elevators in two buildings respectively located at 552 West 29th Street, NY, NY and 1711 1st Avenue, NY, NY, for a total contract price of $310,000.00.

    8. Pursuant to the provisions of the respective Contracts, Plaintiff MAJOR ELEVATOR was to: (I) provide the materials to be used by Defendant EZQUIRE ELEVATOR on the subject projects; and (II) pay out the sums due under the respective contracts to Defendant EZQUIRE ELEVATOR on a weekly basis.

    9. To induce Plaintiff MAJOR ELEVATOR to enter into the Contracts with Defendant EZQUIRE ELEVATOR and to make the payments required thereunder,

FILED: NEW YORK COUNTY CLERK 08/14/2018 04:45 PM   INDEX NO. 654049/2018
NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 08/14/2018

Defendants SMITH and GRAVES represented to Plaintiff that Defendant EZQUIRE ELEVATOR: (i) was authorized to transact business in the State of New York; (ii) had adequate workers' compensation insurance coverage and provided an insurance certificate showing a policy with a coverage period from 11/1/2015 to 11/1/2016; and (iii) had performed the work and labor required under the Contracts and provided work progress statements reflecting such work and labor.

10. Such material representations were false and Defendants SMITH and GRAVES knew these representations to be false and made them in order to induce Plaintiff MAJOR ELEVATOR to enter into the Contracts with Defendant EZQUIRE ELEVATOR and to make the payments required thereunder to Defendant EZQUIRE ELEVATOR.

11. In reality, Defendant EZQUIRE ELEVATOR was not authorized to transact business in New York State; had no workers' compensation insurance coverage from March to October 2016, inclusive, and the insurance certificate provided was a forgery; and had not performed any work under the Contracts, providing false and inaccurate work progress statement.

12. Defendants SMITH and GRAVES made these false representations, intentionally concealed material facts, and provided false certificates/reports and in reliance upon the above false representations and intentional concealment, Plaintiff entered into the Contracts with Defendant EZQUIRE ELEVATOR and made payments under the Contracts to Defendant EZQUIRE ELEVATOR  in the amount of $316,237.63.

13. Despite receiving payment in full from Plaintiff under the Contracts, Defendant EZQUIRE ELEVATOR did not install operational elevators at either property,

FILED: NEW YORK COUNTY CLERK 08/14/2018 04:45 PM   INDEX NO. 654049/2018
NYSCEF DOC. NO. 1                                     RECEIVED NYSCEF: 08/14/2018

552 West 29th Street, NY, NY and 1711 1st Avenue, NY, NY, and, in fact, had long

abandoned the projects leaving most essential parts uninstalled.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST EZQUIRE ELEVATOR
(Breach of Contract)

14. Plaintiff repeats and re-alleges herein each and every allegation above.

15. On or about March of 2016, Plaintiff MAJOR ELEVATOR, entered into two

contracts with Defendant EZQUIRE ELEVATOR for Defendant EZQUIRE ELEVATOR to

provide work and labor to install elevators in two buildings respectively located at 552

West 29th Street, NY, NY and 1711 1st Avenue, NY, NY, for a total contract price of

$310,000.00.

16. Plaintiff MAJOR ELEVATOR has fully performed and completely satisfied all

of its contractual obligations under the Contracts by providing the materials to be used

by Defendant EZQUIRE ELEVATOR on the subject projects; and by making respective

weekly payments to Defendant EZQUIRE ELEVATOR in conformity with submitted work

progress reports, in the aggregated amount of $316,237.63.

17. Defendant EZQUIRE ELEVATOR breached the Contracts by failing and

refusing to install operational elevators at 552 West 29th Street, NY, NY and 1711 1st

Avenue, NY, NY, and by abandoning the projects and leaving most essential parts

uninstalled, despite receiving payment in full under the Contracts in the amounts of

.$316,237.63.

18. Accordingly, Plaintiff MAJOR ELEVATOR, is entitled to judgment against

Defendant EZQUIRE ELEVATOR in the amount of $360,000.00 plus disbursements and

costs for compensatory and consequential damages for the breach of contract.

NYSCEF DOC. NO. 1

INDEX NO. 654049/2018
RECEIVED NYSCEF: 08/14/2018

## AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
(Fraud)

19. Plaintiff repeats and re-alleges herein each and every allegation above.

20. Defendants SMITH and GRAVES, on their own behalf and on behalf of Defendant EXQUIRE ELEVATOR, intentionally and falsely represented to Plaintiff MAJOR ELEVATOR in order to induce Plaintiff to enter into the Contracts with Defendant EZQUIRE ELEVATOR and to make the payments required thereunder, that Defendant EZQUIRE ELEVATOR: (i) was authorized to transact business in the State of New York; (ii) had  adequate workers' compensation insurance coverage and provided an insurance certificate showing a policy with a coverage period from 11/1/2015 to 11/1/2016; and (iii) had performed the work and labor required under the Contracts and provided work progress statements reflecting such work and labor.

21. Defendants SMITH and GRAVES knew but concealed from Plaintiff that Defendant EZQUIRE ELEVATOR was not authorized to transact business in New York State; had no workers' compensation insurance coverage from March to October 2016, inclusive, and the insurance certificate provided was a forgery; and had not performed any work under the Contracts, providing false and inaccurate work progress statement.

22. Defendants SMITH and GRAVES made these false representations, doctored material papers and concealed these material facts, in order to induce Plaintiff MAJOR ELEVATOR to enter into the Contracts with Defendant EZQUIRE ELEVATOR and to make the payments required thereunder to Defendant EZQUIRE ELEVATOR.

23. Plaintiff MAJOR ELEVATOR did enter into the Contracts with Defendant EZQUIRE ELEVATOR and to make the payments required thereunder to Defendant

FILED: NEW YORK COUNTY CLERK 08/14/2018 04:45 PM  INDEX NO. 654049/2018

NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 08/14/2018

EZQUIRE ELEVATOR in reliance on these false and fraudulent representations,

resulting in in an amount to be determine by the Court.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
(Negligent Misrepresentation)

19. Plaintiff repeats and re-alleges herein each and every allegation above.

20. Defendants SMITH and GRAVES, on their own behalf and on behalf of

Defendant EXQUIRE ELEVATOR, negligently and falsely represented to Plaintiff

MAJOR ELEVATOR in order to induce Plaintiff to enter into the Contracts with

Defendant EZQUIRE ELEVATOR and to make the payments required thereunder, that

Defendant EZQUIRE ELEVATOR: (i) was authorized to transact business in the State of

New York; (ii) had  adequate workers' compensation insurance coverage and provided

an insurance certificate showing a policy with a coverage period from 11/1/2015 to

11/1/2016; and (iii) had performed the work and labor required under the Contracts and

provided work progress statements reflecting such work and labor.

21. Defendants SMITH and GRAVES negligently failed to disclose to Plaintiff that

Defendant EZQUIRE ELEVATOR was not authorized to transact business in New York

State; had no workers' compensation insurance coverage from March to October 2016,

inclusive, and the insurance certificate provided was a forgery; and had not performed

any work under the Contracts, providing false and inaccurate work progress statement.

22. Defendants SMITH and GRAVES made these negligent misrepresentations

and concealed these material facts, in order to induce Plaintiff MAJOR ELEVATOR to

enter into the Contracts with Defendant EZQUIRE ELEVATOR and to make the

payments required thereunder to Defendant EZQUIRE ELEVATOR.

FILED: NEW YORK COUNTY CLERK 08/14/2018 04:45 PM

NYSCEF DOC. NO. 1

INDEX NO. 654049/2018

RECEIVED NYSCEF: 08/14/2018

23. Plaintiff MAJOR ELEVATOR did enter into the Contracts with Defendant EZQUIRE ELEVATOR and to make the payments required thereunder to Defendant EZQUIRE ELEVATOR in reliance on these negligent misrepresentations, resulting in damages in an amount to be determine by the Court.

**WHEREFORE** Plaintiff MAJOR ELEVATOR CORP. demand judgment as follows:

(I) On the First Cause of Action, Second Cause of Action and Third Cause of Action, judgment in favor of Plaintiff MAJOR ELEVATOR CORP. and against Defendant EZQUIRE ELEVATOR, LLC, In the amount of $360,000.00 in compensatory and consequential damages for the breach of contract;

(II) On the Second Cause of Action, judgment in favor of Plaintiff MAJOR ELEVATOR CORP. and against Defendants EZQUIRE ELEVATOR, LLC, JOEL SMITH and ANTHONY GRAVES, an amount to be determined at trial but not less than $360,000.00 together with punitive damages in an amount to be determined by the Court, with interest, attorneys' fees and costs of suit, and such other and further relief that the Court deems appropriate and equitable;

(II) On the Third Cause of Action, judgment in favor of Plaintiff MAJOR ELEVATOR CORP. and against Defendants EZQUIRE ELEVATOR, LLC, JOEL SMITH and ANTHONY GRAVES, an amount to be determined at trial but not less than $360,000.00, together with punitive damages in an amount to be determined by the Court, with interest, attorneys' fees and costs of suit, and such other and further relief that the Court deems appropriate and equitable.

Dated: Brooklyn, New York
August 14, 2018

FILED: NEW YORK COUNTY CLERK 08/14/2018 04:45 PM   INDEX NO. 654049/2018

NYSCEF DOC. NO. 1                                                RECEIVED NYSCEF: 08/14/2018

**LAW OFFICES OF STEPHANIE E. EMANUEL**

By:

Stephanie E. Emanuel, Esq.
*Attorney for Plaintiff*
MAJOR ELEVATOR CORP.
427 Senator Street, #3
Brooklyn, New York 11220
T: (732) 804-9948
F: (347) 497-5922

FILED: NEW YORK COUNTY CLERK 08/14/2018 04:45 PM
INDEX NO. 654049/2018

NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 08/14/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------X Index No.: _____

MAJOR ELEVATOR CORP.,

                        Plaintiff,

        -against-

EZQUIRE ELEVATOR, LLC, JOEL SMITH
and ANTHONY GRAVES,

                      Defendants.
------------------------------------------------------X

## SUMMONS AND COMPLAINT

**THE LAW OFFICE OF STEPHANIE E. EMANUEL**
Attorneys for Plaintiff
427 Senator Street, # 3
Brooklyn, New York 11220
T: (732) 804-9948
F: (347) 497-5922

EXHIBIT E

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

MAJOR ELEVATOR CORPORATION

Attorney:   JOSEPH B MAIRA - 356

- against -

Index # 654049/2018
Purchased August 14, 2018
Date Filed:

Plaintiff(s)

EZQUIRE ELEVATOR, LLC ETAL

Defendant(s)

STATE OF   GEORGIA   : COUNTY OF   GWINNETT   ss:   **AFFIDAVIT OF SERVICE**

RONNIE STEWART   BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES AT   REDAN, GA   ON   9/6/18   AT   8:10   AM/PM
AT   c/o EZQUIRE ELEVATOR LLC 2935 ROSEBUD RD., STE 1204 LOGANVILLE GA 30052
DEPONENT SERVED THE WITHIN SUMMONS & COMPLAINT & NOTICE OF ELECTRONIC FILING
ON: JOEL SMITH ,THE  DEFENDANT/RESPONDENT  THEREIN NAMED.

**#1 INDIVIDUAL**   By delivering a true copy of each to said defendant/respondent personally; deponent knew the person so served to be the person described as the  defendant/respondent  therein.

**#2 CORPORATION**   A _____ corporation, delivering thereat a true copy of each to _____ personally. deponent knew said corporation so serviced to be the corporation, described in same as said  defendant/respondent and knew said individual to be _____ thereof.

**#3 SUITABLE AGE PERSON**   By delivering a true copy of each to _____ a person of suitable age and discretion. Said premises is the defendant's/respondent's  [ ] actual place of business   [ ] dwelling house / usual place of abode within the state.

**#4 AFFIXING TO DOOR**
X   By affixing a true copy of each to the door of said premises, which is the  defendant's/respondent's  [ ] actual place of business   [ ] dwelling house /usual place of abode within the state.

**#5 MAILING COPY**
x   On   9/7/18   , deponent completed service under the last two sections by depositing a copy of the SUMMONS & COMPLAINT & NOTICE OF ELECTRONIC FILING properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of   GEORGIA

Deponent was unable, with due diligence to find the  defendant/respondent  or a person of suitable age and discretion having called thereat

| | | | | |
|---|---|---|---|---|
| on the | 29th | day of | AUGUST   2018 | at | 7:15 AM |
| on the | 1ST | day of | SEPTEMBER   " | at | 11:30 AM |
| on the | 4TH | day of | SEPTEMBER   " | at | 3:50 PM |
| on the | | day of | | at | |

**#6 NON-SERVICE**   After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the defendant/respondent  being served because of the following:  [ ] party unknown at address   [ ] Evading
[ ] Moved left no forwarding  [ ] Address does not exist  [ ] No one ever in or available to accept service

**#7 DESCRIPTION**   A description of the  defendant/respondent , or other person served, or spoken to on behalf of the defendant/respondent  is as follows:

Description is required if #1,#2 or #3 above is Selected

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| | | | | | |

Other:

**# 8 WIT. FEES**   $_____ the authorizing traveling expenses and one day's witness fee was paid (tendered) to the witness/recipient.

**# 9 MILITARY SERVICE**   Deponent asked person spoken to whether the defendant/respondent was in the military service of the United States Government or on active duty in the military service in the State of _____ and was informed the defendant/respondent was not.

The Summons Served had endorsed thereon the Index number and date of filing.

Sworn to before me on this _____ day of   December, 2018

Notary Public

Server signature: _____

Docket #:   *1086552*

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

Attorney: JOSEPH B MAIRA - 356

MAJOR ELEVATOR CORPORATION

- against -

EZQUIRE ELEVATOR, LLC ETAL

Plaintiff(s)

Index # 654049/2018
Purchased August 14, 2018
Date Filed:

Defendant(s)

STATE OF __GEORGIA__ : COUNTY OF __GWINNETT__ ss: AFFIDAVIT OF SERVICE

__RONNIE STEWART__ BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES AT __REDAN, GA__ , ON __9/6/18__ AT __8:10__ AM/PM AT __c/o EZQUIRE ELEVATOR LLC 2935 ROSEBUD RD , STE 204 LOGANVILLE GA 30052__ DEPONENT SERVED THE WITHIN SUMMONS & COMPLAINT & NOTICE OF ELECTRONIC FILING ON: ANTHONY GRAVES , THE DEFENDANT/RESPONDENT THEREIN NAMED.

**#1 INDIVIDUAL** By delivering a true copy of each to said defendant/respondent personally; deponent knew the person so served to be the person described as the defendant/respondent therein.

**#2 CORPORATION** A _____ corporation, delivering thereat a true copy of each to _____ personally deponent knew said corporation so serviced to be the corporation, described in same as said defendant/respondent and knew said individual to be _____ thereof.

**#3 SUITABLE AGE PERSON** By delivering a true copy of each to _____ a person of suitable age and discretion Said premises is the defendant's/respondent's [ ] actual place of business [ ] dwelling house / usual place of abode within the state

**#4 AFFIXING TO DOOR**
X
By affixing a true copy of each to the door of said premises, which is the defendant's/respondent's [ ] actual place of business [ ] dwelling house /usual place of abode within the state.

**#5 MAILING COPY**
x
On __9/7/18__ , deponent completed service under the last two sections by depositing a copy of the SUMMONS & COMPLAINT & NOTICE OF ELECTRONIC FILING to the above address in a First Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of __GEORGIA__

Deponent was unable, with due diligence to find the defendant/respondent or a person of suitable age and discretion, having called thereat

| | | | | |
|---|---|---|---|---|
| on the __29th__ | day of | __AUGUST__ | 2018 | at __7:15 AM__ |
| on the __1ST__ | day of | __SEPTEMBER__ | | at __11:30 AM__ |
| on the __4th__ | day of | __SEPTEMBER__ | | at __3:50 PM__ |
| on the _____ | day of | | | at _____ |

**#6 NON-SERVICE** After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the defendant/respondent being served because of the following: [ ] party unknown at address [ ] Evading [ ] Moved left no forwarding [ ] Address does not exist [ ] No one ever in or available to accept service

**#7 DESCRIPTION** A description of the defendant/respondent , other person served, or spoken to on behalf of the defendant/respondent is as follows:

Description is required if #1,#2 or #3 above is Selected

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| | | | | | |

Other:

**# 8 WIT. FEES** $_____ the authorizing traveling expenses and one day's witness fee was paid (tendered) to the witness/recipient.

**# 9 MILITARY SERVICE** Deponent asked person spoken to whether the defendant/respondent was in the military service of the United States Government or on active duty in the military service in the State of _____ and was informed the defendant/respondent was not

The Summons Served had endorsed thereon the index number and date of filing.

Sworn to before me on this __31st__ day of __December 2018__

Notary Public

Server signature

Docket #: *1086551*

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

MAJOR ELEVATOR CORPORATION

Attorney:   JOSEPH B MAIRA - 356

- against -

EZQUIRE ELEVATOR, LLC ETAL

Plaintiff(s)

Defendant(s)

Index # 654049/2018
Purchased August 14, 2018
Date Filed:

STATE OF   GEORGIA       : COUNTY OF   GWINNETT         ss:

**AFFIDAVIT OF ATTEMPTED SERVICE**

RONNIE STENART                BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS
ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES AT   REDAN, GA       ON   9/6/18   AT 8:10   AM/PM AT

c/o EZQUIRE ELEVATOR LLC 2935 ROSEBUD RD,, STE 1204 LOGANVILLE GA 30052

DEPONENT ATTEMPTED TO SERVE THE WITHIN SUMMONS & COMPLAINT & NOTICE OF ELECTRONIC FILING

ON: EZQUIRE ELEVATOR, LLC, the  DEFENDANT/RESPONDENT THEREIN NAMED.
I have been unable to make delivery of said process on the within named  defendant/respondent. I further state that I attempted to serve the
within process on the following dates and times indicated:

on the ____29th____ day of __AUGUST__ at __7:15 AM__

on the ____1st____ day of __SEPTEMBER__ at __11:30 AM__

on the ____4th____ day of __SEPTEMBER__ at __3:50 PM__

on the _____ day of _____ at _____

After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the  defendant/respondent  being served
because of the following:

[ ] Unknown at address

[ ] Evading

[ ] Moved left no forwarding

[ ] Address does not exist

[X] No one ever in or available to accept service

[ ] Other:

Sworn to before me on this _____ 1st ____ day of __December, 2018__

Notary Public

Server signature _____

Docket #:   *1086553*

EXHIBIT E



Nelson De La Cruz <nelson@ndlclawpllc.com>

---

## New Counsel for Ezquire Elevator

7 messages

---

**Nelson De La Cruz** <nelson@ndlclawpllc.com>                    Thu, Jun 14, 2018 at 3:54 PM
To: austin@austinbrownlaw.com

Dear Sir:

Please note that going forward, I will be representing the Defendants in the matter of Major Elevator Corp. v. Ezquire Elevator LLC.

Please call me to discuss this matter. I demand that you voluntarily dismiss your Supreme Court action. To the extent that you choose to litigate this case at all, it should be litigated in the Southern District of New York.

Nelson De La Cruz

---

**Austin Brown** <austin@austinbrownlaw.com>                    Thu, Jun 14, 2018 at 4:24 PM
To: Nelson De La Cruz <nelson@ndlclawpllc.com>
Cc: joseph maira <mairalaw@gmail.com>

Hello Mr. De La Cruz,

I'm happy to discontinue the state court case. I have a stipulation with prior counsel to do so, I just haven't had time to file it—it's been a crazy week. There seems to have been some miscommunication with prior counsel—I thought we were returning the case to state court because we bilaterally couldn't meet federal court's discovery deadline, your prior counsel disagreed, and had thought that we would be filing a new case entirely.

I would like to push anew with you to ask your clients to sign an arbitration agreement instead of bringing this back to Federal Court. I believe that it will be a more efficient process in terms of time and money for everyone.

Otherwise, given the short discovery time frames provided by the Federal Court, and the distance your clients would have to travel, I think we should start talking about setting up depositions before we move to reopen the federal case.

Also, do you have a consent to change attorney for the Federal Case?

Thanks,

Austin

T. Austin Brown

52 4th Avenue

Brooklyn, NY 11217

austin@austinbrownlaw.com

1-718-258-2255

This e-mail may contain privileged or confidential information. If you are not the intended recipient, please notify the sender and delete all copies of this email.

**From:** Nelson De La Cruz <nelson@ndlclawpllc.com>
**Date:** Thursday, June 14, 2018 at 3:54 PM
**To:** Austin Brown <austin@austinbrownlaw.com>
**Subject:** New Counsel for Ezquire Elevator

[Quoted text hidden]

---

Nelson De La Cruz <nelson@ndlclawpllc.com>                    Thu, Jun 14, 2018 at 8:04 PM
To: Austin Brown <austin@austinbrownlaw.com>
Cc: joseph maira <mairalaw@gmail.com>

Thank you for your email response.

My clients will not agree to resolve this matter via arbitration nor would I advise my clients to agree to set up depositions before you move to reopen the federal case. Frankly based on the limited narrative I have received to date regarding this matter, your client's claims are frivolous and to the extent that my clients have to litigate them at all, they look forward to having the matter heard by a federal court.

Since there is no active pending federal case, I do not have a consent to change attorney. If/when one is needed, one will be executed, shared with you and filed with the court.

With respect to the pending state case, I was surprised that a request for a conference was the first filing given that there is no prior state action and I do not believe that you can simply reopen a matter started and discontinued in the federal courts, in the New York Supreme Court without filing and serving a new summons and complaint. Kindly discontinue the state action before I have to move to dismiss it.

Lastly, who is Mr. Maira and what is his role in the case?

Nelson De La Cruz
[Quoted text hidden]

---

Austin Brown <austin@austinbrownlaw.com>                     Fri, Jun 15, 2018 at 11:35 AM
To: Nelson De La Cruz <nelson@ndlclawpllc.com>

The discontinuance is filed. Joe Maira will be dealing with the case from here on out.

T. Austin Brown

52 4th Avenue

Brooklyn, NY 11217

austin@austinbrownlaw.com

1-718-258-2255

This e-mail may contain privileged or confidential information. If you are not the intended recipient, please notify the sender and delete all copies of this email.

**From:** Nelson De La Cruz <nelson@ndlclawpllc.com>
**Date:** Thursday, June 14, 2018 at 8:05 PM
**To:** Austin Brown <austin@austinbrownlaw.com>
**Cc:** joseph maira <mairalaw@gmail.com>
**Subject:** Re: New Counsel for Ezquire Elevator

[Quoted text hidden]

---

**joseph maira** <mairalaw@gmail.com>                                    Fri, Jun 15, 2018 at 8:23 PM
To: Nelson De La Cruz <nelson@ndlclawpllc.com>

Austin
Please lmk BEFORE you agree to discontinue in Supreme Court or agree to arbitrate so I can get written confirmation from client
Thanks And Enjoy the weekend
Joe

Joseph B. Maira, Esq.
1229 Avenue Y
Suite 5C
Brooklyn, New York 11235-4225
Phone 718-938-3728

NEW JERSEY OFFICE

Joseph B. Maira, Esq.
19 Elkton Court
Toms River, New Jersey 08757-6010
Phone 718-938-3728

This e-mail and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited.

If you receive this email in error please immediately notify me at (718) 938-3728 and permanently delete the original copy and any copy of any e-mail, and any printout thereof. The above is general legal information only. It is not legal advice to rely on for your specific fact pattern. Advice to rely on can only be received after a thorough discussion and investigation of the facts of your situation with counsel licensed in your state. No attorney-client relationship has been established by this communication.

If this email contains a Settlement offer then this a Confidential Settlement Communication Governed by NY CPLR 4547 and any applicable Federal Rules of Evidence. This Email/Letter Should Not Be Regarded as an Offer to Settle this Case upon These or Any Other Terms, Unless and until a Formal Written Agreement Embodying All Terms Fully Acceptable to All Parties Has Been Fully Executed.

The use of this email is not an electronic signature and shall not have the same validity and effect as the use of a signature affixed by hand.

Any symbol in this email should not be interpreted as an "electronic signature" for any purposes, specifically, it is not used in lieu of a signature affixed by hand and will not create a binding agreement or contract unless or until the receiving party receives a document with signature affixed thereto.

CREDIT CARD LINK https://secure.lawpay.com/pages/joseph-b-maira-attorney-at-law/operatingnj

[Quoted text hidden]

---

**Joseph Maira** <MOGUL12218@aol.com>                                    Mon, Sep 10, 2018 at 6:20 PM
To: Nelson De La Cruz <nelson@ndlclawpllc.com>
Cc: Stephanie Emanuel <seelaw29@gmail.com>

Nelson
1. Process server said your clients were properly served
2. 20 day clock
3. Settlement?
Thanks, Joe

Joseph B. Maira, Esq.
1229 Avenue Y
Suite 5C
Brooklyn, New York 11235-4225
Phone 718-938-3728

NEW JERSEY OFFICE

Joseph B. Maira, Esq.
19 Elkton Court
Toms River, New Jersey 08757-6010
Phone 718-938-3728

This e-mail and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited.

If you receive this email in error please immediately notify me at (718) 938-3728 and permanently delete the original copy and any copy of any e-mail, and any printout thereof. The above is general legal information only. It is not legal advice to rely on for your specific fact pattern. Advice to rely on can only be received after a thorough discussion and investigation of the facts of your situation with counsel licensed in your state. No attorney-client relationship has been established by this communication.

If this email contains a Settlement offer then this a Confidential Settlement Communication Governed by NY CPLR 4547 and any applicable Federal Rules of Evidence. This Email/Letter Should Not Be Regarded as an Offer to Settle this Case upon These or Any Other Terms, Unless and until a Formal Written Agreement Embodying All Terms Fully Acceptable to All Parties Has Been Fully Executed.

The use of this email is not an electronic signature and shall not have the same validity and effect as the use of a signature affixed by hand.

Any symbol in this email should not be interpreted as an "electronic signature" for any purposes, specifically, it is not used in lieu of a signature affixed by hand and will not create a binding agreement or contract unless or until the receiving party receives a document with signature affixed thereto.

CREDIT CARD LINK https://secure.lawpay.com/pages/joseph-b-maira-attorney-at-law/operatingnj

[Quoted text hidden]

---

**Nelson De La Cruz** <nelson@ndlclawpllc.com>                    Mon, Sep 10, 2018 at 7:15 PM
To: Joseph Maira <MOGUL12218@aol.com>
Cc: Stephanie Emanuel <seelaw29@gmail.com>

My clients have not been personally served with the subject lawsuit, therefore our time to answer hasn't even commenced to run.

There is zero chance of settlement. We will move to federal court and countersue once properly served.

Nelson De La Cruz
646 973 0812
[Quoted text hidden]



Nelson De La Cruz <nelson@ndlclawpllc.com>

## Fwd: Major v ezquire
5 messages

**joseph maira** <mairalaw@gmail.com>                                    Wed, Jan 2, 2019 at 7:42 PM
To: Stephanie Emanuel <seelaw29@gmail.com>, nelson@ndlclawpllc.com

NOTICE
Nelson
1. Consider this email a good faith 10 day notice to cure DEFAULT for Attached case 654049/18
2. Appreciate your immediate attention and prompt email response for this request
thank you
joe

Joseph B. Maira, Esq.
1229 Avenue Y
Suite 5C
Brooklyn, New York 11235-4225
Phone 718-938-3728

NEW JERSEY OFFICE

Joseph B. Maira, Esq.
19 Elkton Court
Toms River, New Jersey 08757-6010
Phone 718-938-3728

This e-mail and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited.

If you receive this email in error please immediately notify me at (718) 938-3728 and permanently delete the original copy and any copy of any e-mail, and any printout thereof. The above is general legal information only. It is not legal advice to rely on for your specific fact pattern. Advice to rely on can only be received after a thorough discussion and investigation of the facts of your situation with counsel licensed in your state. No attorney-client relationship has been established by this communication.

If this email contains a Settlement offer then this a Confidential Settlement Communication Governed by NY CPLR 4547 and any applicable Federal Rules of Evidence. This Email/Letter Should Not Be Regarded as an Offer to Settle this Case upon These or Any Other Terms, Unless and until a Formal Written Agreement Embodying All Terms Fully Acceptable to All Parties Has Been Fully Executed.

The use of this email is not an electronic signature and shall not have the same validity and effect as the use of a signature affixed by hand.

Any symbol in this email should not be interpreted as an "electronic signature" for any purposes, specifically, it is not used in lieu of a signature affixed by hand and will not create a binding agreement or contract unless or until the receiving party receives a document with signature affixed thereto.

CREDIT CARD LINK https://secure.lawpay.com/pages/joseph-b-maira-attorney-at-law/operatingnj

Begin forwarded message:

**From:** GOTHAM <gothamprocess@hotmail.com>
**Date:** January 2, 2019 at 9:26:42 AM EST
**To:** joseph maira <mairalaw@gmail.com>
**Subject: Re: Major v ezquire**

Good Morning and Happy New Year,

As per your request, attached are affidavits of service in this case. Any questions, please do not hesitate to contact us.

Thank you,
Robin Forman

Sent from Outlook

---

**From:** joseph maira <mairalaw@gmail.com>
**Sent:** Saturday, December 15, 2018 9:04 AM
**To:** Process service Linda Forman
**Subject:** Major v ezquire

2X
Linda
Update please
Thanks, Joe
--
Joseph B. Maira, Esq.
1229 Avenue Y
Suite 5C
Brooklyn, New York 11235-4225
Phone 718-938-3728

NEW JERSEY OFFICE

Joseph B. Maira, Esq.
19 Elkton Court
Toms River, New Jersey 08757-6010
Phone 718-938-3728

This e-mail and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited.
If you receive this email in error please immediately notify me at (718) 938-3728

and permanently delete the original copy and any copy of any e-mail, and any printout thereof. The above is general legal information only. It is not legal advice to rely on for your specific fact pattern. Advice to rely on can only be received after a thorough discussion and investigation of the facts of your situation with counsel licensed in your state. No attorney-client relationship has been established by this communication.

If this email contains a Settlement offer then this a Confidential Settlement Communication Governed by NY CPLR 4547 and any applicable Federal Rules of Evidence. This Email/Letter Should Not Be Regarded as an Offer to Settle this Case upon These or Any Other Terms, Unless and until a Formal Written Agreement Embodying All Terms Fully Acceptable to All Parties Has Been Fully Executed.

The use of this email is not an electronic signature and shall not have the same validity and effect as the use of a signature affixed by hand.

Any symbol in this email should not be interpreted as an "electronic signature" for any purposes, specifically, it is not used in lieu of a signature affixed by hand and will not create a binding agreement or contract unless or until the receiving party receives a document with signature affixed thereto.

CREDIT CARD LINK https://secure.lawpay.com/pages/joseph-b-maira-attorney-at-law/operatingnj

 **img407.pdf**
274K

---

**Nelson De La Cruz** <nelson@ndlclawpllc.com>                    Wed, Jan 2, 2019 at 8:08 PM
To: joseph maira <mairalaw@gmail.com>
Cc: Stephanie Emanuel <seelaw29@gmail.com>

I was meaning to get a hold of you to make sure you really wanted to do this dance again.

As far as i am aware you havent properly served my clients and this action otherwise belongs back in federal court.

You will see a filing from me in the 10 days and there will be no settling this case once we respond.

My clients are going to call your bluff. I have agreed to a provision limiting their legal bills to a flat fee with the caveat that i can seek all legal fees from you and keep anything in excess of their flat fee.

Note that given that our prior counsel warned your prior counsel about tryng to revive this case in state court, an application for sanctions will be made unless you voluntarily dismiss in state court and refile in federal.

Happy New Year

Nelson De La Cruz
[Quoted text hidden]

---

**joseph maira** <mairalaw@gmail.com>                    Mon, Jan 21, 2019 at 12:56 PM
To: Nelson De La Cruz <nelson@ndlclawpllc.com>
Cc: Stephanie Emanuel <seelaw29@gmail.com>

2nd good faith effort to resolve default

Nelson
1. Please confirm a settlement meeting with all parties at noon on Wednesday 2/6/19 at 3861 Nostrand Ave, Brooklyn, NY 11235
2. Appreciate your immediate attention and prompt email response for this request
thank you
joe


Joseph B. Maira, Esq.
1229 Avenue Y
Suite 5C
Brooklyn, New York 11235-4225
Phone 718-938-3728

NEW JERSEY OFFICE

Joseph B. Maira, Esq.
19 Elkton Court
Toms River, New Jersey 08757-6010
Phone 718-938-3728


This e-mail and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited.

If you receive this email in error please immediately notify me at (718) 938-3728 and permanently delete the original copy and any copy of any e-mail, and any printout thereof. The above is general legal information only. It is not legal advice to rely on for your specific fact pattern. Advice to rely on can only be received after a thorough discussion and investigation of the facts of your situation with counsel licensed in your state. No attorney-client relationship has been established by this communication.

If this email contains a Settlement offer then this a Confidential Settlement Communication Governed by NY CPLR 4547 and any applicable Federal Rules of Evidence. This Email/Letter Should Not Be Regarded as an Offer to Settle this Case upon These or Any Other Terms, Unless and until a Formal Written Agreement Embodying All Terms Fully Acceptable to All Parties Has Been Fully Executed.

The use of this email is not an electronic signature and shall not have the same validity and effect as the use of a signature affixed by hand.

Any symbol in this email should not be interpreted as an "electronic signature" for any purposes, specifically, it is not used in lieu of a signature affixed by hand and will not create a binding agreement or contract unless or until the receiving party receives a document with signature affixed thereto.

CREDIT CARD LINK https://secure.lawpay.com/pages/joseph-b-maira-attorney-at-law/operatingnj

[Quoted text hidden]

**Nelson De La Cruz** <nelson@ndlclawpllc.com>                           Mon, Jan 21, 2019 at 1:12 PM

To: joseph maira <mairalaw@gmail.com>
Cc: Stephanie Emanuel <seelaw29@gmail.com>

I will advise my clients that you or your client want to meet but I will oppose the same and I urge you to either dismiss the case outright with prejudice or refile in Federal Court where it was previously intended to be litigated.

You haven't achieved proper service and any motions for default will be opposed and countered with motions for sanctions against Plaintiff and counsel. You and your client need to stop playing this game and litigate the case in the proper forum or dismiss it.

**Nelson De La Cruz**
**646-973-0812**
[Quoted text hidden]
--
THE NDLC LAW FIRM, PLLC
2825 Third Ave., Room 301
Bronx, New York 10455

Tel. No: 877.200.9077
Fax No. 347-462-3108
Email: nelson@ndlclawpllc.com

Website: www.ndlclawpllc.com

EXHIBIT G

AO 458 (Rev. 06/09)  Appearance of Counsel

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| MAJOR ELEVATOR CORP., | ) |
| *Plaintiff* | ) |
| v. | )   Case No.   1: 17-cv-03427 |
| EZQUIRE ELEVATOR, LLC, JOEL SMITH and ANTHONY GRAVES) | |
| *Defendants* | ) |

**APPEARANCE OF COUNSEL**

To:     The clerk of court and all parties of record

I am admitted or otherwise authorized to practice in this court, and I appear in this case as counsel for:

EZQUIRE ELEVATOR, LLC, JOEL SMITH *and* ANTHONY GRAVES

Date:     January 30, 2019

*Attorney's signature*

Nelson De La Cruz, SDNY Bar No, ND6727
*Printed name and bar number*

2825 THIRD AVE., SUITE #301
BRONX, NEW YORK 10455

*Address*

nelson@ndlclawpllc.com
*E-mail address*

646-973-0812
*Telephone number*

347462-3108
*FAX number*